896 F.2d 1368
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Nathaniel BROWN, Jr., Defendant-Appellant.
 No. 89-5662.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 28, 1989.
Decided: Feb. 8, 1990.
 
 Russell C. Williams, on brief, for appellant.
 Henry E. Hudson, United States Attorney; Stephen W. Miller, Assistant United States Attorney, on brief, for appellee.
 Before DONALD RUSSELL and WILKINSON, Circuit Judges, and HARRISON L. WINTER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Joseph N. Brown appeals his conviction in the United States District Court for the Eastern District of Virginia on one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. Sec. 922(g)(1). He asserts that the search of his vehicle which uncovered the firearm violated the Fourth Amendment's stricture against unreasonable searches and seizures, and that the delay that passed between his indictment and his arraignment violated the Sixth Amendment's speedy trial requirement. Finding both of these contentions to be without merit, we affirm.
 
 
 2
 While Brown admits that the search of his automobile was otherwise proper as a search incident to a lawful arrest, see New York v. Belton, 453 U.S. 454, 460 (1981), he nonetheless contends that the search was unreasonable because his arrest was merely a pretext for the search. We disagree. We are not to inquire into a police officer's motives in conducting a search. If the officer's actions were objectively reasonable in light of the circumstances confronting him, the search was valid. See Maryland v. Macon, 472 U.S. 463, 470-71 (1985). Here, the police officer acted in accordance with police procedures in conducting the search, and the district court found that the search was objectively reasonable. Moreover, the district court found that the police officer was not improperly motivated in conducting the search. We find no error in the judgment of the district court.
 
 
 3
 Brown also argues that his Sixth Amendment right to a speedy trial was violated because of the delay between his indictment and his arraignment. Again, we disagree. First, the delay of slightly less than four months was not inordinately long, and does not by itself demonstrate that Brown's rights were violated. See Hodges v. United States, 408 F.2d 543, 549 (8th Cir.1969). Second, the United States made every effort to locate Brown in order to serve him with notice of the charge, but was unable to do so because it was erroneously informed by the Virginia State Penitentiary that he was not being held there when in fact he was. The fact that Brown was missing, while obviously not Brown's fault, was also not the fault of the United States and does not justify dismissal of the indictment. See Barker v. Wingo, 407 U.S. 514, 531 (1972). Third, any prejudice to Brown is purely speculative. Though he claims that a now-deceased potential witness, Reggie Clark, may have been able to offer favorable testimony on his behalf, he is unable to assert this with any assurance. Moreover, the district court found that Clark had not even been in appellant's car before his arrest. Thus, Clark was not in fact a witness in this case, and his death is immaterial to it. For these reasons, we think it plain that Brown's rights under the Sixth Amendment were not violated.
 
 The judgment of the district court is
 
 4
 AFFIRMED.